UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED: JUNE 26, 2008
08CV 3675
JUDGE PALLMEYER
MAGISTRATE JUDGE MASON
EDA

| | |
|---|---|
| IN THE MATTER OF THE | ) |
| NATURALIZATION OF | ) |
| CLAUDIO EDUARDO SALGADO | ) |

**GOVERNMENT'S MOTION TO ALTER OR AMEND JUDGMENT**

On June 12, 2008, Claudo Eduardo Salgado (Salgado) was sworn in as a United States citizen at a naturalization ceremony in Chicago, Illinois (Exhibit A, copy of naturalization certificate of Claudio Eduardo Salgado). United States Citizenship and Immigration Services (USCIS), through its attorney, Patrick J. Fitzgerald, files this motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure to ask this honorable court to alter its judgment and revoke Salgado's naturalization because he was not eligible to be naturalized. In support of this motion the respondents hereby state the following:

1. On August 17, 2004, Claudio Ernesto Salgado (Salgado) became a lawful permanent resident of the United States based upon his marriage to his wife who is a citizen of the United States. (Exhibit B, Affidavit of Stacey Summers, Branch Chief, Citizenship and Immigration Services). On November 7, 2007, Salgado applied for naturalization pursuant to 8 U.S.C. §1430, which authorizes that "[a]ny person whose spouse is a citizen of the United States may be naturalized . . .after being lawfully admitted for permanent residence within the United States for at least three years." An individual "is ineligible for naturalization as the spouse of a United States citizen under section 319(a) of the Act if . . . after the filing of the application, the marital union ceases to exist due to death or divorce." 8 C.F.R. §319.1(b)(2)(i). On April 28, 2008, Salgado and his wife were divorced. As of this date, therefore, the marital union ceased to exist and Salgado no longer qualified for citizenship

under 8 U.S.C. §1430.

2. On May 14, 2008, while under oath in a citizenship interview, Salgado responded that he was still married when asked about his marital status, and failed to state that he was in fact divorced on April 28, 2008 (Exhibit B). USCIS thus proceeded to prepare Salgado's case for naturalization and scheduled him for the naturalization ceremony to be held on June 12, 2008 in Chicago, Illinois in the United States District Court for the Northern District of Illinois. In the final stage of preparation for the oath, the applicants are told to provide USCIS with any changes such as change in name or marital status on a form (N-445) before the oath is taken and the naturalization certificate is given to the applicant. Apparently Salgado did note on the N-445 that he was no longer married to his wife but due to a large volume of applicants being sworn in that day and an oversight by the naturalization officer, the small note on the form went unnoticed. Salgado was naturalized on that day, despite the fact that he was no longer married and not eligible for citizenship. (Exhibit B).

3. Following his naturalization, and upon learning of the error, a USCIS officer took a sworn statement from Salgado, in which he conceded that in the naturalization interview he had "made a mistake, I should have told you." Salgado was unlawfully naturalized on June 12, 2008 even though he no longer met the requirements to be naturalized under 8 U.S.C. § 1430. Based upon his date of admission as a lawful permanent resident, however, Salgado will be eligible to apply for naturalization on his own after he has been a permanent resident of the United States for five years.

4. Whether to grant a motion to alter or amend judgment is a matter squarely within the court's discretion. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). The court generally will not reconsider a prior order unless the "movant presents newly discovered evidence, has established a manifest error of law or fact, or demonstrates that the court

2

has 'patently misunderstood' its position." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). The instant case clearly establishes the first two reasons: USCIS recently discovered this evidence, that is, the fact that applicant Salgado was indeed divorced at the time of his interview for naturalization, and should not have been approved for naturalization based upon 8 U.S.C. §1430, as it requires that the marital union continue in effect through that naturalization. Salgado did not disclose this information until the date of the ceremony and through a minor error on the part of USCIS, it went unnoticed. This resulted in the second reason for granting the instant motion to reconsider, that is, a manifest error of both fact and law has occurred in the process of naturalizing Salgado in that he was not eligible to be naturalized at the present time because he has been divorced.

THEREFORE, USCIS respectfully requests that this honorable court reconsider its decision granting Salgado naturalization as it was done in error, thereby creating a manifest error of law, and in reconsidering and vacating this decision, the proper procedures will correct this mistake. The respondents respectfully submit that the June 12, 2008 order granting citizenship to Salgado should be reconsidered or amended pursuant to Rule 59(e) based upon the foregoing.

        Respectfully submitted,

        PATRICK J. FITZGERALD
        United States Attorney

        By: s/ Craig A. Oswald
           CRAIG A. OSWALD
           Assistant United States Attorney
           219 South Dearborn Street
           Chicago, Illinois 60604
           (312) 886-9080
           craig.oswald@usdoj.gov

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that in accordance with FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following documents:

## GOVERNMENT'S MOTION TO ALTER OR AMEND JUDGMENT

were served pursuant to the district court's ECF system as to ECF filers, if any, and were sent by first-class mail on June 26, 2008, to the following non-ECF filers:

Claudio Eduardo Salgado
2414 S. Princton Avenue
Chicago, Illinois 60616

s\Craig A. Oswald
CRAIG A. OSWALD
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-9080
Craig.Oswald@usdoj.gov

4

# EXHIBIT A



**EXHIBIT B**

# DECLARATION OF STACEY L. SUMMERS, BRANCH CHIEF, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES

I, Stacey L. Summers, pursuant to 28 U.S.C. § 1746, make the following declaration:

1. I am the Branch Chief of Citizenship within the United States Department of Homeland Security, Citizenship and Immigration Service (USCIS), Chicago Office.

2. My duties and responsibilities include the management of the Citizenship Branch, and the supervision of adjudicators who adjudicate naturalization applications. The subject matter of this declaration involves my official duties as a USCIS Supervisory Adjudication Officer. In my capacity as Branch Chief of Citizenship of USCIS I have access to the records of those applicants who have filed for naturalization.

3. I have knowledge of the records in the matter of Claudio Eduardo Salgado, Alien Registration Number A 95 922 111. Mr. Salgado applied for citizenship based upon 8 U.S.C. §1430, a provision of the immigration statute which allows for those individuals who obtained their lawful permanent residence through marriage to a United States Citizen, to apply within three years of obtaining residency instead of five years.

4. Mr. Salgado was interviewed on the application in May of 2008, however he did not disclose at that interview that he had been divorced from his United States Citizen wife since April 28, 2008. Mr. Salgado was scheduled for a naturalization ceremony on June 12, 2008.

5. On June 12, 2008, Mr. Salgado returned to the USCIS office after his naturalization ceremony in order to have the marital status block corrected on his

certificate of naturalization to reflect "divorced". When I reviewed the file, I realized that Mr. Salgado had applied for his naturalization based upon 8 U.S.C. §1430, and thus was not eligible for naturalization. In fact, Mr. Salgado had been divorced at the time of his interview on May 14, 2008. Although he was asked about his marital status during his interview, he had misrepresented himself as married. Had Mr. Salgado informed the Adjudications Officer at the time of his interview that he was divorced, his application for naturalization would have been denied.

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 26, 2008.

By:

*Stacey L. Summers*
Stacey L. Summers
Branch Chief, Citizenship
USCIS